NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIANGFANG WENG, | No. 21-70342 |
| Petitioner, | Agency No. A209-762-744 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2026[**]
Honolulu, Hawaii

Before: BYBEE, R. NELSON, and FORREST, Circuit Judges

Petitioner Liangfang Weng, a native and citizen of China, seeks review of the

Board of Immigration Appeals' (BIA) decision dismissing her appeal from an

Immigration Judge's (IJ) denial of her asylum and withholding of removal claims on

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the ground that she was not credible.  We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Our "review is limited to those grounds explicitly relied upon by the [BIA]." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2011) (en banc).  When the BIA "relies in part on the [IJ's] reasoning, we review both decisions."  *Id.* (citation omitted).  We review factual findings, including adverse credibility determinations, under the substantial evidence standard and must treat them as conclusive if "*any reasonable adjudicator could have found as the agency did.*"  *Garland v. Ming Dai*, 593 U.S. 357, 368 (2021) (emphasis in original).

The BIA expressly relied on four of the IJ's rationales supporting its adverse credibility determination.  *First*, the IJ found that Petitioner's credibility was undermined by inconsistencies and omissions between statements Petitioner made during her credible fear and border interviews and her subsequent application and testimony.  Petitioner's application is predicated in large part on her alleged long-term and violent persecution at the hands of China's Family Planning Authorities (FPA), but Petitioner never mentioned this alleged persecution during her initial interviews.  Petitioner's argument that these "inconsistences" are actually "omissions," which are generally "less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony," *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014), is unpersuasive.  We have squarely held that "an applicant's

omission of information from a written application or interview that is later revealed through testimony" may "support an adverse credibility determination." *Dong v. Garland*, 50 F.4th 1291, 1297 (9th Cir. 2022).

*Second*, the IJ found that it was implausible for Petitioner to "have thrown a conspicuous celebration for her third child, including a banquet and fireworks, essentially announcing to the community the birth of a third child in violation of family planning policies." Common sense supports that conclusion in light of Petitioner's testimony that she went to great lengths to *hide* the birth of her second child from FPA—ultimately sending the child to live with a relative—and that FPA previously came to her home, dragged her into a van, and forcibly inserted an IUD because she had two children in violation of China's family planning rules. Petitioner's argument that the IJ's implausibility analysis was "nothing but speculation and conjecture" as to what Petitioner "likely would and would not do under certain circumstances" is unavailing. "Although 'speculation and conjecture' alone cannot sustain an adverse credibility finding, an IJ must be allowed to exercise common sense in rejecting a petitioner's testimony even if the IJ cannot point to specific, contrary evidence in the record to refute it." *Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005).

*Third*, the IJ found implausible Petitioner's testimony that she discovered she was "more than 20 days pregnant" sometime in March 2012 but that her third child

was born on January 16, 2013—at least eleven months later. The BIA did not err in refusing to accept new evidence on appeal in the form of a "one page internet article," which purportedly claimed that "10-month pregnancies are not so uncommon," because 8 C.F.R. § 1003.1(d)(3)(iv) expressly forbids the BIA from accepting new evidence on appeal or "engag[ing] in factfinding in the course of deciding cases." It was thus reasonable for the BIA to conclude that Petitioner's testimony undermined her credibility. *See Shrestha v. Holder*, 590 F.3d 1034, 1043 n.4 (9th Cir. 2010) ("The willingness to deceive a regulatory body may be disclosed by immaterial and useless deceptions as well as by material and persuasive ones." (citation omitted)).

*Fourth*, the IJ found that Petitioner did not offer sufficient corroborative evidence to rehabilitate her credibility. The IJ was entitled to require Petitioner to provide evidence corroborating her claims. 8 U.S.C. § 1158(b)(1)(B)(ii). However, Petitioner was unable to provide medical documentation regarding her three IUD removal procedures, a receipt for the 27,000 RMB fine her husband purportedly paid to register their son, or a receipt for the 2,000 RMB bail payment. Contrary to Petitioner's arguments, the lack of corroboration was not an *independent* basis for the IJ's adverse credibility finding. Rather, the IJ merely concluded that Petitioner's inability to corroborate her already suspect testimony "underscored her lack of credibility."

21-70342

Considering the IJ's four rationales together and the totality of the circumstances, substantial evidence supports the BIA's adverse credibility determination. *Jibril*, 423 F.3d at 1138 n.1 (9th Cir. 2005) ("[O]nly the most extraordinary circumstances will justify overturning an adverse credibility determination.")

The petition is **DENIED.**